THE BRITISH-AMERICAN ASSURANCE CO. ET AL. v.
JAYMES.

*Insurance—Automobile theft—Owner entitled to recover al-
though bill of sale not filed—Agent for insurer had knowl-
edge of unfiled bill of sale.*

When the owner of an automobile obtains insurance thereon,
and withholds the filing of his bill of sale, as authorized
by law, the duly authorized agent of the insurance com-
pany having due notice thereof and of the reasons for not
filing said bill of sale, such owner is entitled to recover
upon such insurance for theft of the automobile.

(Decided December 23, 1926.)

ERROR: Court of Appeals for Clark county.

*Messrs. Geiger & Halloran,* for plaintiff in error.
*Messrs. Zimmerman, Zimmerman & Zimmerman*
and *Mr. Sully Jaymes,* for defendant in error.

KUNKLE, J.  It appears from the record in this
case that defendant in error, who is an attorney at
law, had a client who owned a Cole Eight touring
automobile; that said client was absent from the
city, and defendant in error paid certain bills in-
curred by said owner on account of the automobile;
that defendant in error, to protect himself on ac-
count of the money so paid for his client, purchased
the automobile from his client in February, 1924,
on a valuation of $750, and paid the client $200, in
addition to the amount already advanced; that on
February 24, 1924, the client executed and deliv-
ered to defendant in error a bill of sale in dupli-
cate for the said automobile.

From and after that date defendant in error

claimed to be the owner of the automobile, but the bill of sale was not filed for record with the clerk of the courts of this county.

Defendant in error claims the reason that such bill of sale was not filed for record was because it was agreed between the defendant in error and his client that, if the client repaid defendant in error the amount which he had invested in the automobile, the same would be resold to the client at the same price.

In August, 1924, plaintiff in error, through its local agents, Brooks & Brooks, issued and delivered to defendant in error a policy in the sum of $700 against loss by fire, theft, etc., for which policy defendant in error paid a premium of $18.20.

In January, 1925, the automobile in question was stolen while being parked on West Columbia street in the city of Springfield.

Plaintiff in error having failed to pay the loss, suit was brought upon the said policy. The case was submitted to a jury, with the result that a verdict was returned in favor of defendant in error in the sum of $400, which amount the jury evidently found was the value of the car at the time the same was stolen. A motion for a new trial having been overruled, and judgment entered upon the verdict, error is prosecuted to this court.

The policy in question provides that the same shall be void, if the interest of the assured in the property therein described is other than an unconditional and sole ownership. The principal contention of plaintiff in error is that defendant in error was not the sole and unconditional owner of the automobile in question, for the reason that he had

not filed with the clerk of the courts of Clark county a bill of sale for the same.

We have considered the brief of counsel for plaintiff in error, and agree that such brief contains a correct statement of the law upon that subject where no question of waiver is involved.

In the case at bar, however, defendant in error claims that plaintiff in error, through its duly authorized agents, was advised as to the exact condition of the title of defendant in error before the policy was issued, and that plaintiff in error, through its duly authorized agents, waived a strict compliance with the law which requires a bill of sale to be filed with the clerk of the courts.

Counsel are thoroughly familiar with the record in this case, and we shall not attempt to quote therefrom in detail, but on pages 15 and 16 of the record the undisputed testimony of defendant in error is:

"When the bill of sale was executed, it was understood the title of the car passed to me, but it was tentatively understood between us that if at any time he wanted to pay the money back I would transfer the car to him or also give up the bills of sale; that is the reason I didn't record them."

"Q. Didn't you say in chief that you did not record the bills of sale because you had a tacit understanding with Mr. Thomas that if he paid you what he owed you, you would return the car to him?"

"A. I would transfer the car back to him."

"Q. And you didn't record the bills of sale because of that understanding?"

"A. One reason—and he was a gentleman, and had always treated me that way and I wanted to

give him every opportunity in the world to keep his car if he wanted to; I was giving him every opportunity. I knew he wanted to keep it, and didn't want to part with it, and I much preferred my money to the car."

"Q. And Mr. Brooks, Sr., knew that you had this agreement with Mr. Thomas at the time this policy was written on your automobile?"

"A. Undoubtedly so; we went over that matter in my office."

"Q. Did he indorse on that policy, or obtain from the company an indorsement on your policy that they consented to that kind of an arrangement?"

"A. The younger Mr. Brooks said that wasn't necessary—that it wasn't an insurance question at all—all they wanted to see was the bill of sale, and I add in answer to that question another reason we didn't raise it was because the former loss had been paid, and that question had not been raised."

"Q. The former loss was on accessories?"

"A. Covered by the same policy."

The undisputed evidence shows that a former loss upon this same policy amounting to about $70 had been paid by the company without question.

In the case of *Foster* v. *Scottish Union & Nat. Ins. Co.,* 101 Ohio St., 180, 127 N. E., 865, the first paragraph of the syllabus states the rule in this state in reference to waiver:

"The knowledge of the agent of a fire insurance company as to the title by which property is held, with respect to which property the agent acting within the scope of his apparent authority procures the issuance of a policy of fire insurance, is imputed

to his principal, and is in law the knowledge of such principal.''

The undisputed evidence in this case is to the effect that, at the time the policy in question was issued, the exact condition of the title of the defendant in error to the said automobile was explained to the duly authorized agents of plaintiff in error; that the duplicate bills of sale for this particular automobile were shown to such agent of plaintiff in error; that the reason for not filing the bills of sale with the clerk of the court was explained to such agent, who, as we think, was acting within the apparent scope of his authority. He explained to defendant in error that it was not necessary to file the bill of sale, as that was not an insurance question; that all they desired was to see the bill of sale and know such bill of sale existed.

From the undisputed testimony in the record we are of opinion that the filing of the bill of sale with the clerk of the court was waived by plaintiff in error through its duly authorized agents.

Counsel for plaintiff in error rely to a large extent upon the decision of the Supreme Court in the case of *Ohio Farmers' Ins. Co.* v. *Todino,* 111 Ohio St., 274, 145 N. E., 25, 38 A. L. R., 1118. We think that case can be distinguished from the case at bar for different reasons. One reason is that in the *Farmers' Insurance Company case* no bill of sale had ever been executed or delivered. In the case at bar there is no question about the bill of sale having been duly executed and delivered.

We have considered all of the errors urged by counsel for plaintiff in error, but, finding no error in the record which we consider prejudicial to

plaintiff in error, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

ALLREAD and FERNEDING, JJ., concur.